JAMES COOK v. A. L. POTTS.

JOINT OWNERS OF PERSONAL PROPERTY. *Their rights and liabilities as each other.* Defendant, a Sheriff, levied an attachment upon a half-interest in a threshing machine, owned jointly by plaintiff, and the defendant in the attachment. He left the machine in plaintiff's custody, having no order for the sale of the interest levied on. The machine was afterwards injured, without defendant's knowledge or consent. *Held,* defendant was not responsible to plaintiff.

FROM WHITE.

Appeal from the Circuit Court. S. M. FITE, Judge.

James Cook *v.* A. L. Potts.

E. A. DEFREES for Cook.

W. J. FARRISS for Potts.

SNEED, J., delivered the opinion of the Court.

We think there is no error in this judgment. The plaintiff and one Bradley, were the joint owners of a threshing machine. The defendant, as Sheriff, levied an attachment out of Chancery, upon the half interest of Bradley. He found the machine in the plaintiff's possession on the plaintiff's farm, and having made his levy, he left it there under shelter, where he found it. He had no order for the sale of the interest levied upon, and it remained on the plaintiff's farm, the latter having in the meantime removed from the place. The machine was taken from the shelter by some one, without defendant's knowledge or consent, and exposed to the weather, and was thereby much injured and depreciated in value. This action was brought by the plaintiff against the Sheriff, for the damages thus done to his interest in the property. The verdict and judgment were for the defendant, and we think very righteously so. This is not the case of a levy upon a chattel exclusively owned by the execution debtor. The title to the whole in that case passed to the officer, who should take possession, if no bond be given, and protect the property till sale. He would be liable if the property perish with fault of his. Here the Sheriff only took title to a half-interest, and was but a joint custodian. He had no

right to control the plaintiff's half-interest, except for the purposes of preservation of the other half, and its forthcoming when a sale should be ordered. It was, however, as much the plaintiff's duty as his, to look after the preservation of the chattel, and, perhaps, more so, as the defendant had left it in his possession and subject to his use. If lost, it is so by the contributing negligence of the plaintiff, to say the least of it, and in such case we are aware of no principle upon which he could recover.

Affirm the judgment.